UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:15-cr-24-WTL-DKL-1 |
| ) | |
| DANIEL STEWART, ) | |
| ) | |
| Defendant. ) | |

ENTRY ON MOTIONS IN LIMINE

This cause is before the Court on (1) the Defendant's Motion in Limine (Dkt. No. 98) and (2) the Government's Motion in Limine (Dkt. No. 104). The Court, being duly advised, **GRANTS IN PART AND DENIES IN PART** the Defendant's motion and **GRANTS** the Government's motion.

### A. Defendant's Motion in Limine

The Defendant filed a Motion in Limine on July 18, 2016. In it, he asks to Court to order the Government to not offer into evidence or make reference to the following five matters: (1) the Defendant's alleged involvement in a drug transaction at a gas station on January 20, 2015; (2) the Defendant's statement to Brady Ball about the Defendant's prior criminal history involving drugs; (3) items found in the Defendant's apartment during a search by law enforcement; (4) results of the Defendant's post-arrest drug test; and (5) the Defendant's presence at a furniture store.

1. **The Defendant's Statement About His Prior Criminal History and Results of Post-Arrest Drug Test**

The Government has indicated that, given the Defendant's stipulation that he is a previously convicted felon, it will not seek to use this statement. Likewise, the Government acknowledges that the evidence regarding the post-arrest drug test is irrelevant and indicates that it will not introduce evidence regarding this matter. As such, the Court **GRANTS** the Defendant's motion in limine regarding these two matters.

2. **The Alleged Drug Transaction**

The Defendant argues that the alleged drug transaction at the gas station on January 20, 2015, is pure speculation and based on a hunch. The Government argues that expert testimony from agents should be permitted to explain otherwise innocent-looking conduct. Additionally, the Government argues that Detective Ryan VanOeveren's observations prior to the traffic stop are relevant to explain why Detective Ball was called to do an interdiction stop.

The Court **GRANTS** the Defendant's motion in limine regarding the alleged drug transaction to the following extent: The Government may mention, and Detective VanOeveren may testify as to, what he observed, what he did, and why he did it. Such testimony is relevant and is not more prejudicial than probative. However, neither the Government nor Detective VanOeveren may mention why his training and experience led him to believe that a drug deal had occurred – unless and until that training and experience have been established.

Further, the Court cautions that neither party shall refer to any witness as an "expert." *See United States v. Garrett*, 757 F.3d 560, 569 (7th Cir. 2014) (noting with approval the fact that the court never referred to the agent as an expert and did not allow the parties to do so). Moreover, the Government shall take care to separate the fact testimony of Detective VanOeveren from his opinion testimony. *See id.* at 570 (pointing with approval to precautions the district court took,

including not allowing the Government to lay the foundation for the agent's opinion testimony until after his fact testimony was concluded and separating the fact and opinion testimony); *United States v. Jones*, 763 F.3d 777, 804 (7th Cir. 2014), *vacated, United States v. Drake*, 774 F.3d 1004 (7th Cir. 2014) (criticizing failure to distinguish between agent's opinion testimony and his lead-case-agent testimony). However, if the Government is able to lay a proper foundation for the opinion testimonies of Detective VanOeveren and Special Agent Michael Cline, then they may offer their opinions based on their specialized knowledge of common practices in the drug trade. *See United States v. Lipscomb*, 145 F.3d 1236, 1242 (7th Cir. 1994) (finding no Rule 704(b) violation where an expert testified "that a certain pattern of conduct evinces a particular kind of criminal activity" and noting that, "[o]n the contrary, such testimony is considered quite helpful in drug-trafficking cases").

### 3. Items Found in the Defendant's Apartment

The items – specifically the drugs, guns, and cellular phones – in the Defendant's apartment were found pursuant to a valid search warrant, as this Court has previously ruled. Dkt. No. 70. They are relevant to the charges against the Defendant, and there is no danger that the probative value of the evidence is outweighed by its prejudice.  Specifically, the Defendant argues that none of the nineteen cellular phones found at his residence should be admitted unless the phones are shown to contain evidence of drug trafficking. The Government has indicated that several of the phones do in fact contain such evidence. Thus, the Court **DENIES** the Defendant's motion in limine regarding the items found in the Defendant's apartment.

### 4. Evidence Regarding the Defendant's Presence at a Furniture Store

The Defendant argues that observations of him at a furniture store are irrelevant because he was not seen doing anything unlawful. However, as the Government points out, the Defendant

admitted in a post-*Miranda* interview that Geraldo Colon, the owner of the Muebleria Furniture Store, was his source of controlled substances for the year and a half before the Defendant's arrest. Further, the Government has indicated that one or more cooperating witnesses will testify that they traveled with Colon to drop off drugs to the Defendant. As such, the Defendant's presence at the furniture store is relevant, and any prejudice is outweighed by its probative value. Accordingly, the Court **DENIES** this portion of the motion in limine.

### B. Government's Motion in Limine

The Government filed a Motion in Limine on July 28, 2016 (Dkt. No. 104), asking the Court to allow the Government to mute 41 seconds of the Defendant's post-*Miranda* statement. In the portion of the statement that the Government seeks to mute, the detective questioning the Defendant tells the Defendant that the Defendant was facing a potential life sentence. The Defendant's potential sentence is not relevant under Federal Rules of Evidence 401 and 402. It is not admissible. As such, the Court **GRANTS** the Government's motion in limine; the Government shall mute the portion of the interview that discusses the Defendant's potential sentence.

**SO ORDERED: 8/11/16**

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana


Copies to all counsel of record via electronic notification.

4