UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:15-cr-00024-JPH-TAB-01 |
| v. | ORDER ON MOTIONS FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| DANIEL STEWART | (COMPASSIONATE RELEASE) |

Upon motions of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motions are:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:15-cr-00024-JPH-TAB |
| | ) | |
| DANIEL STEWART, | ) -01 | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Daniel Stewart seeks immediate compassionate release under 18 U.S.C. § 3582(c)(1)(A), or in the alternative, a reduction in his sentence to 120–35 months of imprisonment. For the reasons explained below, Mr. Stewart's motions are **denied**.

**I. Background**

In 2016, a jury found Mr. Stewart guilty of one count of possession with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 851; one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e); one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); one count of engaging in monetary transactions in property derived from specified unlawful activity, 18 U.S.C. § 1957; and two counts of money laundering, in violation of 18 U.S.C. § 1956(a)(1). Dkts. 142, 165. According to the presentence investigation report, Mr. Stewart was pulled over for a traffic violation, and after a K-9 unit alerted to the presence of narcotics, a search of the car revealed a loaded Ruger SR9c, 9mm handgun; a bag concealing $9,324.00, which was rubber banded together; a shoe bag containing 56 grams of crack cocaine, 500 grams of cocaine mixture, 250 grams of heroin, and 28 grams of methamphetamine; and a digital scale. Dkt. 155. A

subsequent search of Mr. Stewart's home revealed a black suitcase holding two kilograms of cocaine, 908 grams of methamphetamine, and one kilogram of heroin; $487,542.00 cash, which was individually bundled in $1,000 and $10,000 increments; and five firearms. *Id.* The money laundering charges arose from businesses set-up by Mr. Stewart that generated very little, if any, legitimate business income, and that he used as fronts to conceal his narcotics distribution activities, launder narcotics distribution proceeds, and legitimize his distribution income. *Id.*

During the course of the prosecution, the United States filed an information pursuant to 21 U.S.C. § 851 alleging that Mr. Stewart had been convicted of five prior felony drug offenses. Dkt. 57. As a result, a life sentence was the mandatory minimum sentence under the law as it existed at the time. *See* dkt. 155 at 16; 21 U.S.C. § 841(b)(1)(A) (eff. Aug. 3, 2010, to Dec. 20, 2018). The Court thus sentenced him to life without release, and a consecutive five-year term of imprisonment for his § 924(c) conviction. Dkts. 163, 165. The Court also imposed a 10-year term of supervised release.

Mr. Stewart initially filed a pro se motion for compassionate release. Dkt. 235. The Court appointed counsel, but counsel withdrew before filing any substantive submissions on Mr. Stewart's behalf. Dkts. 242, 243. The Court ordered Mr. Stewart to supplement his motion using the Court's form motion, and he did. Dkt. 246. In his submissions, Mr. Stewart argues that he establishes extraordinary and compelling reasons for a sentence reduction because (1) he is at risk of severe illness should he contract COVID-19 due to his underlying medical conditions (obesity, high cholesterol and hypothyroidism[1]); (2) there have been restrictions and unrest at his prison due

---

[1] Mr. Stewart also lists "relevant symptoms" of hypothyroidism, but it unclear whether he suffers from such conditions. These conditions are arrythmia, hypocholesterolemia, congestive heart failure, coronary heart disease, decreased cardiac output, high cortisol levels, hyper-homocysteinemia, hypoglycemia, increased risk of asthma, weight gain and shortness of breath. Dkt. 235 at 3. The Court will assume he has these conditions for purposes of resolving his motion.

3

to COVID-19 which have rendered his time more difficult; (3) if he was sentenced today, he would likely receive a much lower sentence due to post-sentencing changes in the law; and (4) he has substantially rehabilitated himself. The Court concludes that it can resolve this motion without a response from the United States.

**II. Discussion**

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Mr. Stewart's first reason for requesting a sentence reduction—the risk to his physical health presented by COVID-19, particularly in light of his medical conditions—is not an extraordinary and compelling reason to release him or reduce his sentence, either alone or in combination with any other reason. The U.S. Court of Appeals for the Seventh Circuit has held that COVID-19 cannot be an extraordinary and compelling reason to reduce the sentence of an inmate who had declined the vaccine without an adequate medical justification. *See United States v. Broadfield*, 5 F.4th 801 (7th Cir. 2021). In so holding, the court reasoned, "[F]or the many

prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. A prisoner who can show that he is unable to receive or benefit from a vaccine may still turn to this statute, but, for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *Id.* at 803. Moreover, the court concluded that "[t]he federal judiciary need not accept a prisoner's self-diagnosed skepticism about the COVID-19 vaccines as an adequate explanation for remaining unvaccinated, when the responsible agencies all deem vaccination safe and effective." *Id.*

Here, Mr. Stewart was offered and declined the vaccine because he believes that new information shows that natural immunity is more effective than vaccine immunity, that the vaccines are potentially more dangerous than originally anticipated, and that the vaccines contain certain additives not disclosed during the emergency use authorization process. Dkt. 246 at 10. He states that because he has high cholesterol and because "one of the ingredients in the vaccine is cholesterol," he is concerned about injecting it into his body. Dkt. 246 at 11. Mr. Stewart further states that his online research reveals a lack of studies on individuals with high cholesterol, and that Terre Haute healthcare professionals have stated that "adverse reactions are possible." *Id.* Mr. Stewart, however, has not presented any evidence that a medical professional advised him not to receive the vaccine because of a potentially adverse reaction. Mr. Stewart also speculates that, because he developed severe blood clots during an emergency surgery after a motorcycle accident in 2004, he would be at risk should he get the vaccine because the vaccines "are known to cause blood clotting in some people." Dkt. 246 at 13. Again, however, Mr. Stewart does not state that any medical professional has advised him not to take the vaccine. The Court

5

concludes that Mr. Stewart's research based on non-scientific internet sources is insufficient to carry his burden to show that he cannot receive the vaccine. Mr. Stewart also has not shown that he cannot benefit from the vaccine.

Mr. Stewart next argues that he was sentenced to life imprisonment under the Armed Career Criminal Act based on previous drug convictions. Dkt. 235 at 9. These enhancements "were applied to his 21 U.S.C. § 851 convictions for mandatory life, & 18 USC § 924(e) as well." *Id.* Mr. Stewart states that "in light of *Mathis v. United States*, 579 U.S. 500 (2016) these enhancements are inapplicable & should never have been applied." *Id.* Additionally, he argues that anyone sentenced after the *Mathis* decision will not receive these enhancements, which creates a sentencing disparity. *Id.* Mr. Stewart states that the Seventh Circuit recently granted relief for essentially the same argument in *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020).

Non-retroactive changes in sentencing law are not extraordinary and compelling reasons for a sentence reduction under § 3582(c)(1)(A)(i), whether considered alone or in combination with any other factors. *See United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021) (holding that non-retroactive change to statutory mandatory minimum sentence was not extraordinary and compelling reason for relief under § 3582(c)(1)(A)(i)); *United States v. Brock*, No. 22-1148, 2022 WL 2526057, at *3 (7th Cir. July 7, 2022) ("Judicial decisions, whether characterized as announcing new law or otherwise, cannot alone amount to an extraordinary and compelling circumstance allowing for a sentence reduction"); *see also United States v. Herbert*, No. 21-3321, 2022 WL 1791964, at *2 (7th Cir. June 2, 2022) (non-retroactive changes to the guidelines are not grounds for compassionate release). The court "lack[s] discretion under § 3582(c)(1)(A)(i) to reduce a statutory-minimum sentence asserted to be unfairly long. The appropriate path for prisoners to contest the length of their sentences is set forth in 28 U.S.C. § 2255." *United States v.*

*Watts*, No. 21-2867, 2022 WL 2208517, at *1 (7th Cir. June 21, 2022) (internal citation omitted) (finding that the district court properly disregarded the defendant's argument for compassionate release based on *Ruth*).

Mr. Stewart's general complaints about COVID-19 related lockdowns and unrest in the prison are also not extraordinary and compelling reasons to release him or reduce his sentence, whether considered alone or in combination with any other factors. All inmates throughout the country were subjected to COVID-19 lockdowns and all inmates at his prisons dealt with the unrest. While these issues might form the basis for relief in a civil suit, such allegations are not grounds for a sentence reduction under § 3582(c)(1)(A). *See United States v. Miller*, No. 21-1600, 2022 WL 2187555, at *1 (7th Cir. June 16, 2022) ("[T]o the extent that Miller challenges the conditions and medical care at [the prison] more generally, a compassionate-release motion is not the right vehicle.") (cleaned up).

Finally, rehabilitation alone is not an extraordinary and compelling reason to reduce a sentence under § 3582(c)(1)(A)(i). *See* 28 U.S.C. § 994(t). While the strides Mr. Stewart has made in prison are admirable, his rehabilitation, whether considered alone or together with other factors, is not an extraordinary and compelling reason to release him or reduce his sentence.

Given the determination that Mr. Stewart has not shown extraordinary and compelling reasons to justify reducing his sentence, the Court need not address whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of a sentencing reduction.

### III. Conclusion

For the reasons stated above, Mr. Stewart's motions for compassionate release, dkts. [235] and [246], are **denied.**

**SO ORDERED.**

Date: 7/28/2022

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Daniel Lee Stewart
#12602-028
USP Terre Haute
P.O. Box 33
Terre Haute, IN 47808

All Electronically Registered Counsel

8